**BOWEN & BURNS**　　　　　　　　　　　**Attorney for Plaintiff,**
Michael J. Burns, Esquire　　　　　　　　**SP Builders Contractors, Inc.**
NJ ID# 049071991
530 Street Road
Southampton, PA 18966
215-322-9030
215-322-9038 (fax)
mjburns@bowenburnslaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SP BUILDERS CONTRACTORS, INC.<br>431 Saint Mihiel Drive, Suite 104<br>Delran, NJ 08075<br>**Plaintiff**<br><br>v.<br><br>**GENERAL MOTORS COMPANY**<br>300 Renaissance Center<br>Detroit, MI 48265<br>**Defendant** | **CIVIL ACTION**<br><br><br><br>**DOCKET NO.:**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT

Plaintiff, SP Builders Contractors, Inc. ("SP Builders"), by and through its counsel, Bowen & Burns, herein files a legal action against Defendant, General Motors Company for breach of contract, violation of the New Jersey Lemon Law §56:12-29 - §56:12-49.1, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq. and violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and in support thereof, avers as follows:

### INTRODUCTION

1.　On or about December 31, 2019, Plaintiff, SP Builders purchased (a) a new 2020 black Chevrolet Silverado Pickup truck with a VIN ending in 5699, and, (b) a new gray 2020 Chevrolet Silverado Pickup with a VIN ending in 2095 from Barlow Chevrolet, Inc., an authorized General Motors Corporation dealer, which vehicles had been manufactured by and sold by

1

Defendant, General Motors Company; SP Builders paid Barlow Chevrolet, Inc. for the purchase of the vehicles, but the vehicles had and continue to have multiple defects, including a steering wheel which is off center to the left, recurrent engine light which comes on periodically, engine cylinder misfiring and transmission failures which have been out of service due to repairs for twenty or more total days and which substantially impairs Plaintiff's usage, value or safety of the above-named vehicles.

## PARTIES

2. Plaintiff, SP Builders Contractors, Inc., is a New Jersey corporation with a business address located at 431 Saint Mihiel Drive, Suite 104, Delran, New Jersey 08075.

3. Defendant, General Motors Company is a multi-national automotive manufacturing company with its corporate headquarters located at 300 Renaissance Center, Detroit, Michigan 48243.

## VENUE AND JURISDICTION

4. Jurisdiction and venue are properly situated in the United States District Court for the District of New Jersey inasmuch as there exists a diversity of citizenship between the parties, Plaintiff, SP Builders Contractors, Inc. is situated in the State of New Jersey, and Defendant, General Motors Company regularly conducts business in the State of New Jersey. Further, this Court has subject matter jurisdiction over claims involving a federal question, including the instant matter, which pertains to violations of the Magnuson-Moss Warranty Act.

## STATEMENT OF FACTS

5. On December 31, 2019, Plaintiff, SP Builders purchased two new vehicles, a black 2020 Chevrolet Silverado Pickup with a VIN ending in 5699 and a gray 2020 Chevrolet Silverado Pickup with a VIN ending in 2095 from Barlow Chevrolet, Inc., a New Jersey dealership. Attached hereto, respectively, as Exhibits A and B are the sales agreements for the purchase of the vehicles;

*see* also attached hereto, respectively, as Exhibits C and D are the true and correct Certificates of Title and Vehicle Registrations for these vehicles.

6. Shortly after the purchase of the vehicles and to the present, Plaintiff, SP Builders began to experience defects to both Chevrolet Silverado Pickup vehicles which substantially impairs the usage, value or safety of the vehicles, including but not limited to the following: shaking of the vehicle after shifting into 5th gear, transmission failure, engine cylinder misfiring, engine light which stays on in the vehicle and a steering wheel which is off center to the left.

7. Specifically, Plaintiff, SP Builders has experienced the following manufacturing defects with the black 2020 Chevrolet Silverado Pickup vehicle: a steering wheel off center to the left, an engine light which comes and stays on and catalyst efficiency below threshold.

8. To repair these defects, Plaintiff, SP Builders brought the black 2020 Chevrolet Silverado Pickup to Barlow Chevrolet, Inc. on the following days for service: February 27, 2020 (Invoice No. 577401), March 2, 2020 (Invoice No. 577543), June 9, 2020 through June 11, 2020 (Invoice No. 581006), October 5, 2020 through October 8, 2020 (586203), October 22, 2020 through October 27, 2020 (Invoice No. 586951), December 11, 2020 through December 18, 2020 (Invoice No. 588990) and January 7, 2021 through January 11, 2021 (Invoice No. 589965) Attached hereto as Exhibit E are the Invoices for the black 2020 Chevrolet Silverado Pickup.

9. In total, the black 2020 Chevrolet Silverado Pickup has been out of service for repairs for a total of twenty-three (23) calendar days, and Plaintiffs, SP Builders have had to return the vehicle to the dealership a total of seven times to conduct repairs.

10. On May 3, 2021, Plaintiff's counsel made a written demand for relief under the New Jersey Lemon Law on Defendant, General Motors Company and advised Defendant of the defects associated with the black 2020 Chevrolet Silverado Pickup. Attached hereto as Exhibit F is a true and correct copy of the Notice of Claim.

11. As requested and required, Plaintiff, SP Builder's brought the two Chevrolet Silverado Pickup vehicles for final repair attempts at Barlow Chevrolet, Inc., including for the black 2020 Chevrolet Silverado Pickup

12. However, to date and despite the above repair attempts by and at Barlow Chevrolet, Inc. and Notice of Claim under the New Jersey Lemon Law, Plaintiff, SP Builders continues to experience the above-named defects with the two Chevrolet Silverado Pickup vehicles, which substantially impairs the use, value or safety of the vehicle, and/or the defects are ones that are likely to cause death or serious bodily injury if the vehicle continues to be driven.

13. Specifically, Plaintiff, SP Builders has experienced the following manufacturing defects with the gray 2020 Chevrolet Silverado Pickup vehicle: the vehicle shakes after shifting into 5th gear, internal transmission failure/fault, engine cylinder misfiring, engine light which comes on and stays on.

14. To repair these defects, Plaintiff brought the gray 2020 Chevrolet Silverado Pickup to Barlow Chevrolet, Inc. on the following days for service: March 2, 2020 (Invoice No. 577549), June 9, 2020 (Invoice No. 580997), June 30, 2020 through July 14, 2020 (Invoice No. 581912), February 23, 2021 through February 24, 2021 (Invoice No. 591891), March 11, 2021 through March 15, 2021 (Invoice No. 592715) and February 26, 2021 through March 31, 2021 (Invoice No. 592099). Attached hereto as Exhibit G are true and correct copies of the Invoices for the gray 2020 Chevrolet Silverado Pickup.

15. In total, the gray 2020 Chevrolet Silverado Pickup has been out of service for repairs for a total of sixty (60) calendar days, and Plaintiffs have had to return the vehicle to the dealership a total of six times to conduct repairs.

16. On May 3, 2021, Plaintiff's counsel made a written demand for relief under the New Jersey Lemon Law to Defendant, General Motors Company and advised Defendant of the

4

defects associated with the gray 2020 Chevrolet Silverado Pickup. Attached hereto as Exhibit H is a true and correct copy of the Notice of Claim.

17. To date and despite further repair attempts by Barlow Chevrolet, Inc., Plaintiff continues to experience the above-named defects with both of the Chevrolet Silverado Pickups, which substantially impairs the use, value or safety of the vehicle, and/or the defects are ones that are likely to cause death or serious bodily injury if the vehicle continues to be driven.

18. Plaintiff has exhausted all administrative remedies.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 above as though the same were set forth at length herein.

20. It is undisputed that SP Builders and Barlow Chevrolet, Inc., as a dealership for Defendant, General Motors Company, entered into two separate purchase and sale agreements, hereinafter the "Contracts", on or about December 31, 2019, wherein SP Builders paid the entire balance of $156,304.95 to purchase the 2020 Chevrolet Silverado Pickup vehicles. *See* Exhibits A and B.

21. Pursuant to the Contracts, Barlow Chevrolet, Inc. and Defendant, General Motors Company, the manufacturer of the vehicles, provided the following statement regarding the warranties applicable to the sale or lease of a new vehicle:

> The only warranties applying to this vehicle are those offered by the manufacturer. Dealer sells/leases this vehicle "as is" and hereby disclaims all warranties, either express or implied, including any warranties of merchantability and fitness for a particular purpose. Any liability of dealer with respect to defects or malfunctions of this vehicle including, without limitation, those which pertain to performance or safety, (whether by way of "strict liability," based upon dealer's negligence, or otherwise), is expressly excluded and customer hereby assumes any such risks. ***The manufacturer's warranty is not affected by this disclaimer of warranties by dealer***.

5

*See* Exhibits A and B.

22. Further, pursuant to the Barlow Chevrolet, Inc. service invoices, Defendant, General Motors Company propounded that its parts installed by Barlow Chevrolet, Inc. were warranted against defect and specifically contained the following warranty disclaimer:

> All parts and accessories are sold and all repairs are provided by the dealership as-is. The dealership hereby disclaims all warranties, express and implied, including any implied warranties of merchantability and fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of parts or products or the repair. ***The only warranties on parts and accessories or repairs are those which may be offered by the manufacturer or the original parts distributor and only such manufacturer or distributor shall be liable for performance under such warranties***. Customer shall not be entitled to recover from the dealership any consequential damages, damages to property, damages for loss of use, loss of time, loss of profit or income, or any other incidental damages.

*See* generally Exhibits E and G.

23. In accordance with the Contracts and the manufacturer warranties on the Chevrolet Silverado Pickup vehicles, Defendant, General Motors Company has breached the Contracts and the manufacturer warranties contained therein by and through the failure of its retailer, Barlow Chevrolet, Inc. to repair the substantial and material defects which continue to exist in and affect the 2020 Chevrolet Silverado Pickup vehicles and, which further substantially impair the use, value, or safety of these vehicles.

24. Due to and resulting from Defendant, General Motors Company's breach of the Contracts, SP Builders Contractors, Inc. has suffered damages including, but not limited to, the loss of $156,304.95, which amount was paid for the purchase of the two defective Chevrolet Silverado Pickup vehicles, for which SP Builders seeks reimbursement, plus interest and any other compensatory damages due SP Builders due to the breach of Contract, as well as other alternative remedies including replacement of the vehicles, *inter alia.*

**WHEREFORE**, Plaintiff, SP Builders Contractors, Inc., requests that judgment be entered in its favor and against Defendant, General Motors Company, and that Plaintiff be awarded all of its monetary damages incurred due to Defendant's breach of contract, plus interest thereon, the payment of all costs and expenses and attorney's fees incurred by SP Builders Contractors, Inc. in pursuing this legal action, and any other relief deemed appropriate by this Court.

### COUNT II – VIOLATION OF THE NEW JERSEY LEMON LAW

25. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 above as though the same were set forth at length herein.

26. Pursuant to the New Jersey Lemon Law, §56:12-33 (1) and §56:12-33 (2), a presumption of inability to correct the nonconformity of a motor vehicle arises in the following circumstances:

> (1) Substantially the same nonconformity has been subject to repair three or more times by the manufacturer, co-manufacturer, or post-manufacturing modifier, or its dealer or distributor, other than a nonconformity subject to examination or repair pursuant to paragraph (3) of this subsection because it is likely to cause death or serious bodily injury if the vehicle is driven, and the nonconformity continues to exist;

> (2) The motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days, or in the case of a motorhome, 45 or more calendar days, since the original delivery of the motor vehicle and a nonconformity continues to exist; or

> (3) A nonconformity which is likely to cause death or serious bodily injury if the vehicle is driven has been subject to examination or repair at least once by the manufacturer, co-manufacturer, or post-manufacturing modifier, or its dealer or distributor, and the nonconformity continues to exist.

27. As above, the black 2020 Chevrolet Silverado Pickup vehicle which had been purchased by Plaintiff was subject to three repair attempts to rectify the nonconformity or defect, which as stated above was the engine light coming and staying on in the vehicle, with the inability

7

of the dealership, Barlow Chevrolet, Inc., to remedy or rectify the defect or nonconformity of the motor vehicle.

28. Further, the black 2020 Chevrolet Silverado Pickup vehicle was out of service by reason of repair for one or more nonconformities or defects for a total of twenty-three (23) calendar days since the original delivery of the vehicle, and the nonconformity/defect at issue, the engine light coming on and staying on inside the vehicle, continues to exist.

29. As above, the gray 2020 Chevrolet Silverado Pickup vehicle was out of service by reason of repair for one or more nonconformities or defects for a total of sixty (60) calendar days since the original delivery of the vehicle, and the nonconformities/defects at issue, the engine light coming and staying on inside the vehicle and the misfiring of the engine cylinder, continues to exist.

30. Accordingly, the defects to Plaintiff, SP Builders' two Chevrolet Silverado Pickup vehicles cannot and have not been corrected by and through repeated repair attempts as documented above, and these defects substantially impair the use, value or safety of the vehicles and/or serious safety defect(s) which is likely to cause death or serious bodily injury if the vehicles continue to be driven.

31. Plaintiff, SP Builders herein seeks all costs and damages for the nonconformities/defects present in the vehicles pursuant §13:34A-26.11 of the New Jersey Lemon Law, which include the total purchase price of Plaintiff's vehicles including finance charges, sales tax, license fees, registration fees, reimbursement for actual expenses incurred by Plaintiff, SP Builders for the rental of a motor vehicle equivalent to the consumer's motor vehicle for the period during, which motor vehicles were out of service due to the nonconformity/defect and reimbursement for all reasonable attorney's fees, fees for expert witnesses and costs.

**WHEREFORE**, Plaintiff, SP Builders Contractors, Inc., requests that judgment be entered in its favor and against Defendant, General Motors Company, and that Plaintiff shall be entitled to receive damages under the New Jersey Lemon Law which include the total purchase price of the vehicles including finance charges, sales tax, license fees, registration fees, reimbursement for actual expenses incurred by Plaintiff for the rental of a motor vehicle(s) equivalent to the Plaintiff's motor vehicle for the period during which Plaintiff's motor vehicles were out of service due to the nonconformity/defect and reimbursement for all reasonable attorney's fees, fees for expert witnesses and costs and any other relief deemed appropriate by this Court.

### COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

32. Plaintiff adopts and incorporates by reference paragraphs 1 through 31 above as though the same were set forth at length herein.

33. As previously stated and pursuant to the Contracts, Defendant, General Motors Company provided manufacturer's warranties on the 2020 Chevrolet Silverado Pickup vehicles to SP Builders Contractors, Inc. on the date of purchase of these vehicles, December 31, 2019.

34. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. Ch. 50 §2304, specifically §2304 (a)(1), a warrantor "must as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty."

35. Further, under §2304 (a)(4) the Magnuson-Moss Warranty Act states the following respecting a warrantor's duties respecting a defect and/or malfunction of a consumer product:

> If the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such a product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be).

36. Defendant, General Motors Company, violated §2304 (a)(1) and (a)(4) of the Magnuson-Moss Warranty Act when it failed to abide by the terms of the manufacturer's warranties on the 2020 Chevrolet Silverado Pickup vehicles and to replace or repair the vehicle components and any and all defects/nonconformities in a timely manner, which as stated above included the following material and substantial defects in the 2020 Chevrolet Silverado vehicles: engine cylinder misfiring, engine light which comes on and stays on inside the vehicles, steering wheel which is off center to the left, and internal transmission failure.

37. As stated above, Defendant, General Motors Company, by and through the Barlow Chevrolet, Inc. dealership, attempted to remedy the defects of both vehicles in three or more repair attempts per vehicles; Plaintiff, SP Buidlers' two vehicles were also out of service, respectively, for twenty-three (23) days and sixty (60) days due to the attempted repairs during the term of the manufacturer's warranty.

38. Accordingly, Plaintiff, SP Builders seeks and is entitled to the recovery of the following remedies pursuant to §2310 of the Magnuson-Moss Warranty Act: the aggregate amount of cost and expenses as determined by the Court to have been reasonably incurred by Plaintiff in this matter, plus all reasonable attorney's fees.

**WHEREFORE,** Plaintiff, SP Builders Contractors, Inc., requests that judgment be entered in its favor and against Defendant, General Motors Company, and that Plaintiff shall be entitled to receive damages under the Magnuson-Moss Warranty Act which include the aggregate amount of cost and expenses as determined by the Court to have been reasonably incurred by Plaintiff, SP Builders Contractors, Inc. in this matter, plus all reasonable attorney's fees.

**COUNT IV – VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**

39. Plaintiff adopts and incorporates by reference paragraphs 1 through 38 above as though the same were set forth at length herein.

40. Under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., the following unethical, deceptive and unlawful business practices are proscribed by 56:8-2:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any such merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

41. Here, Defendant, General Motors Company, itself and by and through its agent, servant, and/or authorized representative dealership, Barlow Chevrolet, Inc., failed to disclose and/or omitted material facts to Plaintiff, SP Builders, i.e. the substantial and materials defects in the 2020 Chevrolet Silverado Pickups to Plaintiff, SP Builders prior to signing the Contracts for the purchase and sale of the vehicles on December 31, 2019.

42. Upon information and belief, Defendant, General Motors Company knew of or should have known of the existence of the substantial and material defects in the two 2020 Chevrolet Silverado Pickups which were later sold to Plaintiff, SP Builders on December 31, 2019.

42. As a result of the omission of these material facts, Plaintiff, SP Builders has expended the considerable sum of $156,304.95 towards the purchase of two defective 2020 Chevrolet Silverado Pickup vehicles as well as incurred further expenses as outlined in the Invoices above to repair the defective vehicles pursuant to an existing manufacturer's warranty.

43. Pursuant to N.J.S.A. 56:8-19 of the Act, "any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefore in any competent court of jurisdiction."

44. Accordingly, Plaintiff, SP Builders herein seeks and is entitled to the recovery of treble damages under the Act for the ascertainable loss it has suffered due to the purchase and repair expenditures to remedy the existing defects in the vehicles in addition to the award of all reasonable attorney's fees, filing fees, reasonable costs of filing suit and any other remedy deemed appropriate by this Court.

**WHEREFORE,** Plaintiff, SP Builders Contractors, Inc., requests that judgment be entered in its favor and against Defendant, General Motors Company, and that Plaintiff shall be entitled to receive damages under the New Jersey Consumer Fraud Act which include treble damages, all reasonable attorney's fees, filing fees, reasonable costs of filing suit and any other remedy deemed appropriate by this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted,

BOWEN & BURNS

Date: 1-3-2021

By: _____
Michael J. Burns, Esquire

Attorney for Plaintiff
SP Builders Contractors, Inc.